# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| AZMI ABDELMAJID, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 2:11-CV-448 |
| vs. | § § | |
| ENERSAFE, LLC, | § § | |
| Defendant. | § | |

# ORDER

Before the Court are the following:

- Plaintiffs, Azmi Abdelmajid, Brandon Copeland, and Dakota Powell's (collectively, "Plaintiffs") Motion for Notice to Potential Plaintiffs and Limited Expedited Discovery (Docket No. 25) and

- Defendant Enersafe, LLC's Response in Opposition to Plaintiffs' Motion for Notice and Limited Expedited Discovery and Motion for Dismissal of Class Claims (Docket No. 32).

Plaintiffs file the motion for notice on behalf of themselves and all others similarly situated. Having reviewed the relevant briefing and hearing arguments of counsel on June 23, 2015, Plaintiff's motion (Docket No. 25) is **GRANTED** and Enersafe's motion for dismissal of class claims (Docket No. 32) is **DENIED**.

# BACKGROUND

Plaintiff Azmi Abdelmajid filed this collective action lawsuit on behalf of himself and all others similarly situated H2S Safety Supervisors ("Plaintiffs") under the Fair Labor Standards

1

Act ("FLSA"),[1] to recover unpaid overtime compensation and related penalties and damages. Defendant Enersafe LLC ("Enersafe") is a Texas limited liability company doing business in the state of Texas with its principal place of business in Lindale, Texas. Docket No. 5 at 1–2. Plaintiffs alleges that Enersafe violated the FLSA by failing to pay non-exempt employees, as defined under 29 C.F.R. § 451 (2013), overtime wages at one and one-half times the regular hourly rate for all hours worked in excess of 40 hours in a work week. Docket No. 1 at ¶ 4.

## LEGAL STANDARD

### I. The FLSA

"The FLSA requires that non-exempt employees who work more than forty hours in a work week must be paid one and one-half times their 'regular rate' of pay." *Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1041 (5th Cir. 2010) (citing 29 U.S.C. § 207(a)(1)). Under the FLSA, an action to recover alleged unpaid overtime compensation may be brought by "one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b).

### II. Two-Stage Approach to Class Certification

District courts have the discretionary power to conditionally certify a collective action and to authorize the sending of notice to potential class members pursuant to § 216(b), but certification is not mandatory. *Hoffman-La Roche, Inc. vs. Sperling*, 493 U.S. 165, 169 (1989). Although the Fifth Circuit has expressly refused to endorse a specific method for determining whether a collective action should be conditionally certified under 29 U.S.C. § 216(b), the majority of the courts within the Fifth Circuit have adopted the two-stage approach found in *Lusardi vs. Xerox, Corp.*, 118 F.R.D. 351 (D. N.J. 1987). *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995) (noting acceptable approaches include either the *Lusardi*

---

[1] 29 U.S.C. §§ 201–219.

approach or the "spurious class action" approach), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).[1] Here, the Court will apply the *Lusardi* approach, which is a two-stage inquiry involving a "notice stage" and a merits or decertification stage.

   **1. The Notice Stage**

"In the notice stage, the court makes a decision, based on the pleadings and affidavits, on whether notice of the action should be given to putative class members. This decision typically results in 'conditional certification' of a representative class." *Allen v. McWane, Inc.*, No. 2:06-cv-158, 2006 WL 3246531, at *2 (E.D.Tex. Nov.7, 2006) (citing *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995)). The plaintiff bears the burden at the notice stage and must provide competent evidence to show that a similarly situated group of potential plaintiffs exists. *Casanova v. Gold's Texas Holdings Group, Inc.*, No. SA:13-cv-1161, 2014 WL 6606573, *2 (W.D.Tex. Nov. 19, 2014). "At the notice stage, 'the [similarly situated] standard requires nothing more than substantial allegations that the putative class members were victims of a single decision, policy, or plan." *Gallender v. Empire Fire and Marine Ins. Co.*, No. 5:05-cv-220, 2007 WL 325792, at *1 (S.D.Miss. Jan.31, 2007) (brackets in original) (quoting *Allen,* 2006 WL 3246531, at *2 (citing *Mooney*, 54 F.3d at 1214 n. 8)).

"Specifically, the first-stage test requires a minimal showing by the plaintiff that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." *Casanova*, 2014 WL 6606573, at *2 (quoting *Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462, 465–66

---

[1] In *Mooney*, the Fifth Circuit found it unnecessary to choose between the tests because it was apparent from the record that, no matter which methodology was utilized, the Fifth Circuit could not say the district court abused its discretion in finding the "opt-in" plaintiffs were not similarly situated. *Mooney*, 54 F.3d at 1216.

3

(S.D.Tex.2012) (internal citations and quotation marks omitted). "As the court's decision is usually based only on the pleadings and affidavits, the standard is lenient and typically results in conditional certification." *Id.*

However, conditional certification is not automatic. *Casanova,* 2014 WL 6606573, at *2. If the plaintiffs cannot show, based on the pleadings and any affidavits which have been submitted, that the putative class members were together the "victims of a single decision, policy, or plan" that violates the FLSA, the court should not conditionally certify the class. *Mooney*, 54 F.3d at 1214, n. 8. "If the court finds the potential plaintiffs to be similarly situated, the court should conditionally certify the class, provide notice to potential class members, allow time for the putative class members to opt-in, and allow adequate time for discovery." *Gallender,* 2007 WL 325792, at *1 (citing *Mooney*, 54 F.3d at 1213–14) (internal citations omitted).

### 2. Merits Stage

The second stage of the two-step approach found in *Lusardi* is "typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Mooney*, 54 F.3d at 1214. The scrutiny applied in the second stage is much more rigorous than that of the notice stage. *Gallender*, 2007 WL 325792, at *2. If the claimants are similarly situated, the district court allows the representative action to proceed to trial, but if the claimants are not similarly situated, "the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Mooney*, 54 F.3d at 1214. The original plaintiffs then proceed to trial on

their individual claims. *Id.* Final certification is rarely granted. *Gallender*, 2007 WL 325792, at *2.

## ANALYSIS

I. **Whether there is a reasonable basis for crediting the assertions that aggrieved individuals exist**

Plaintiffs seek to certify a H2S Safety Supervisor class based on the allegation that these employees were improperly classified as exempt from the overtime compensation requirements disclosed under the FLSA, while in reality their duties and responsibilities did not properly qualify them as such. Docket No. 25 at 1–3. To qualify for exempt status, an employee's "primary duty" must be the performance of exempt work. 29 C.F.R. § 541.700(a). "Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's jobs as a whole." *Id.* Factors to consider when determining the primary duty of an employee include "the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id.*

In this case, Plaintiffs allege that the H2S Safety Supervisors "have or had the same job title and duties" and "have or had the same pay structure." Docket No. 25 at 2. Plaintiffs assert that a H2S safety supervisor's "primary job duties have consisted of performing gate guard services on Enersafe locations and/or delivering trailers to Enersafe locations." *Id.* at 2–3. Plaintiffs contend that none of the exemptions provided by the FLSA are applicable, and Enersafe improperly classified the H2S Safety Supervisors as exempt. Docket No. 34 at 3–4.

Enersafe asserts that its decision to classify a H2S Safety Supervisor as exempt is on a case-by-case basis and is not representative of a common policy, plan or practice. Docket No. 32 at 12. Enersafe argues it based its decision on a variety of factors "including, but not limited to, geographic location, clients, company men, work site, supervisors, and personable ability." *Id.* at 13. Enersafe contends that it "designated [H2S] Safety Supervisors as exempt under the FLSA's administrative exemption, the Motor Carrier Act exemption, and the independent contractor exemption." *Id.* at 20. Enersafe argues each exemption has its own requirements and would require individualized analysis, depending on the person's "day-to-day activities and responsibilities" *Id.* at 20–21 (citing *Cruz v. Lawson Software, Inc.*, 764 F.Supp.2d 1050, 1062 (D. Minn. 2011)).

At this notice stage, Plaintiffs' claims are not groundless. Not only is there a reasonable basis for Plaintiffs' claims, but there is also evidence aggrieved individuals other than the named Plaintiffs exist. Accordingly, Plaintiffs met their burden of demonstrating there is a reasonable basis for crediting their claims that aggrieved individuals exist.

## II. Whether the aggrieved individuals are similarly situated to Plaintiffs in relevant respects

By Enersafe's estimates, there are approximately 150 H2S Safety Supervisors. Docket No. 68 at 25:8–18 ("Hr'g Tr."). Enersafe submitted declarations as evidence for the differences between job duties, locations, and responsibilities. *See* Docket No. 32-1. According to Enersafe, a H2S Safety Supervisor's responsibilities vary considerably and depend on multiple factors. For example, Enersafe states that a H2S Safety Supervisor in West Texas may drive trailers, where H2S Safety Supervisors in South Texas will perform "other tasks and little, if any, trailer hauling." *Id.* at 16. Enersafe also contends that compensation for H2S Safety Supervisors

varies. *Id.* at 18. For example, Enersafe states that some H2S Safety Supervisors receive bonuses that require individualized calculations. *Id.*

Enersafe's argument misses the mark "because it overlooks the lenient standard under *Lusardi* for deciding whether or certify collective actions under § 216(b)." *Owen v. Golf & Tennis Pro Shop, Inc.*, No. 4:09-cv-571, 210 WL 3859640, *3 (E.D. Tex. Sept. 30, 2010). The relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices. *Id.* (citing *Allen*, 2006 WL 3246531, at *3). "[A]s long as the basic tasks and pay practices are the same, it is immaterial that the employer's different locations may have their own rules and procedures." *Owen*, 2010 WL 3859640, at *3. Notice is appropriate if there is "some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice]." *Allen*, 2006 WL 3246531, at *2 (allowing conditional certification based on the fact that "all facilities were owned by the same employer," and the "employees had similar pay structure because they were all paid hourly").

At this time, Plaintiffs sufficiently demonstrated that they and other H2S Safety Supervisors shared the same basic job duties and were subject to the same pay practices despite Enersafe's emphasis on the variations. Thus, Plaintiffs met their burden of demonstrating the other potentially aggrieved individuals would be similarly situated.

**III. Whether those individuals want to opt-in to the lawsuit**

Many courts determine that plaintiffs do not need to present evidence that potential opt-in plaintiffs desire to opt-in. *Jesiek v. Fire Pros, Inc.*, 275 F.R.D. 242, 247 (W.D. Mich. 2011) ("Plaintiffs' failure to provide evidence that potential opt-in plaintiffs' desire to opt-in is not fatal to their motion."); *Villarreal v. St. Luke's Episcopal Hospital*, 751 F.Supp.2d 902, 915 (S.D.

7

Tex. 2010) ("The court agrees that a plaintiff need not present evidence at this state of the third element, that aggrieved individuals actually want to opt in to the lawsuit."). There is no statutory requirement at this stage and unlike Rule 23 there is no numerosity requirement under the *Lusardi* approach for a FLSA class action lawsuit. *See* 29 U.S.C. § 216(b); *see also Lusardi*, 118 F.R.D. at 351. At the notice stage, the Fifth Circuit's discussion of the *Lusardi* approach only requires that "putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (citing *Mooney*, 54 F.3d at 1213–14). Accordingly, the Court need not determine whether Plaintiffs sufficiently alleged that there are aggrieved individuals actually willing to opt-in to this lawsuit.

## IV. Notice

Plaintiffs request that the Court authorize mailing Plaintiffs' proposed notice and consent forms to all H2S Safety Supervisors employed by Enersafe and allow for expedited discovery for the purpose of identifying potential plaintiffs. *See* Docket No. 25. Plaintiffs submitted a proposed notice and opt-in form. Docket Nos. 25-2 and 25-3. Enersafe requests if conditional certification is found to be appropriate then the parties should jointly draft an agreed proposal for the Court. Docket No. 32 at 25. The Court agrees with Enersafe.

## CONCLUSION

For the reasons stated above, Plaintiffs fulfilled their requirements for conditional collective action certification and notice should issue. Accordingly, Plaintiffs' Motion for Notice to Potential Plaintiffs and Limited Expedited Discovery (Docket No. 25) is **GRANTED**, and

Enersafe's Response in Opposition to Plaintiffs' Motion for Notice and Limited Expedited Discovery and Motion for Dismissal of Class Claims (Docket No. 32) is **DENIED**.[2] It is hereby

**ORDERED** that the parties meet and confer to submit an agreed draft proposed notice and schedule for this case by **October 26, 2015**.[3] It is further

**ORDERED** that Enersafe provide Plaintiffs' counsel with the addresses, phone numbers, dates of birth, and email addresses, where available, of the potential class members in accordance with the Protective Order (Docket No. 9) in this case. Such disclosures shall occur within 20 days.

**SIGNED this 28th day of September, 2015.**

_Robert W Schroeder III_
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[2] In the title of its response, Enersafe requests that the Court dismiss Plaintiffs' class claims. Enersafe did not provide any legal standard or argument in support of its request.
[3] Because this case has been pending since October 5, 2011 and this motion was not filed until November 13, 2014, no extensions will be granted without a showing of good cause.